UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY ROBERSON,<br><br>    Plaintiff,<br><br>v.<br><br>TRAVIS LINDSTROM, Sergeant, et al.,<br>SHERBURNE COUNTY JAIL,<br>JAMIE TATAREIC, Staff Member, and<br>RSEDEN/REENTRY WEST,<br><br>    Defendants. | Civil No. 06-2460 (ADM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 5), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's application to proceed IFP be denied, and that this action be summarily dismissed without prejudice.

Plaintiff, a federal detainee, commenced this action by filing a complaint seeking relief for alleged violations of his rights under federal law and the Constitution. (Docket No. 1.) He did not pay the $350.00 filing fee required by 28 U.S.C. § 1914, but instead filed his first application seeking leave to proceed IFP. (Docket No. 2.) The Court noted, however, that (i) Plaintiff's first IFP application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not

paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of Plaintiff's omissions were called to his attention by this Court's order of June 19, 2006. (Docket No. 3.) That order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application with the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. On June 26, 2006, Plaintiff filed the Amended IFP Application that is now before the Court, (Docket No. 5), and that application does include the trust account information required by § 1915(a)(2). To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order, as he has not tendered the initial partial filing fee prescribed by § 1915(b)(1).[2] Plaintiff has not offered any explanation for his failure to pay the fee required by the statute,

---

[1] The Court's prior order stated: "Plaintiff will be required to submit both his amended IFP application, and his initial partial filing fee, within twenty (20) days after the date of this order. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (Order dated June 19, 2006, [Docket No. 3], p. 4, [emphasis in the original order].)

[2] Based on the trust account information submitted with Plaintiff's Amended IFP application, it appears that the average monthly deposit to his prison trust account during the preceding six months was $341.52. Although the average monthly balance of Plaintiff's account is not readily discernible, it clearly appears that the average monthly balance amount is less than the average monthly deposit amount. Therefore, the initial partial filing fee that Plaintiff should have paid in this case, under the formula prescribed by 28 U.S.C. § 1914(b)(1), is twenty percent (20%) of his average monthly deposit of $341.52, which is $68.30, ($341.52 x 20% = $68.30).

and by this Court's prior order. Thus, the Court finds that Plaintiff has failed to comply with both of the requirements set forth in the prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Amended Application to Proceed Without Prepayment of Fees, (Docket No. 5), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 24, 2006

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 12, 2006.